UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ORLANDO BROWN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | Case No. 12-cv-2921 |
| BOARD, JOHNNY L. MILLER, DEMETRIUS | ) | |
| CARNEY, MELISSA BALLATE, WILLIAM | ) | Judge Sharon Johnson Coleman |
| CONLON, GHLAN FOREMAN, RITA FRY, | ) | |
| SUSAN MCKEEVER, ELISA RODRIGUEZ, | ) | |
| and MAX CAPRONI, | ) | |
|     Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Orlando Brown ("Brown"), filed a complaint against the City of Chicago, the Chicago Police Board, Johnny L. Miller, Demetrius Carney, Melissa Ballate, William Conlon, Ghlan Foreman, Rita Fry, Susan McKeever, Elisa Rodriguez, and Max Caproni (collectively the "City") on April 19, 2012. Brown alleges race discrimination, retaliation, and seeks review of the Chicago Police Board's decision to terminate him. The City moves to dismiss Brown's complaint as barred by *res judicata*. For the following reason, the City's motion to dismiss is granted with prejudice.

**Background**

Brown, an African American male, was hired by the City of Chicago's Police Department on December 26, 1989. In December 2006 through November 2007, Brown complained that his supervising captain, a white male, falsified complaints against African American officers in the Third District. During his employment, Brown's supervising captain issued complaint registers against him, which Brown contends led to his eventual termination.

Initially, on October 12, 2011, Brown filed suit in state court alleging harassment and retaliation. The City moved to dismiss Brown's state court complaint. On August 23, 2012, the state court granted the City's motion in part and denied the City's motion in part. The state court dismissed Brown's harassment claim, but denied the City's motion to dismiss Brown's

retaliation claim. Subsequently, Brown voluntarily dismissed his remaining retaliation claim without prejudice.

During the pendency of the state court proceeding, Brown filed this instant action on April 19, 2012 alleging race discrimination (Count I), retaliation (Count II), and seeking review of the administrative Police Board's decision to terminate his employment (Count III). This Court dismissed Count III for lack of jurisdiction on November 27, 2012. The City moves to dismiss Brown's remaining claims, Counts I and II, pursuant to Fed. R. Civ. P. 12(b)(6) as barred by the doctrine of *res judicata*. For the following reasons, the City's motion is granted.

**Legal Standard**

In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard is met when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A motion to dismiss is decided on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). In deciding a Rule 12(b)(6) motion, the court may also consider documents attached to the pleading without converting the motion into one for summary judgment. *See* Fed. R. Civ. P. 10(c). Additionally, judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper. *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). Accordingly, while the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court may take judicial notice of state court decisions, *520 S. Mich. Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1138 (7th Cir. 2008).

**Discussion**

Under Illinois law, *res judicata* bars a subsequent action if: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies. *Harmon v. Gordon*, No. 11-3176, 2013 U.S. App. LEXIS 5555, at *14 (7th Cir. Mar. 21, 2013). The City argues that Brown's federal complaint is barred by *res judicata*. Brown concedes that the third element for *res judicata*, identity of parties and their privies, is satisfied, but argues that there was no final judgment on the merits and that there is no identity of cause of action.

2

*1. Identity of Cause of Action*

For the identity of cause of action element, Illinois courts employ a transactional test which provides that the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (citing *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 703 N.E.2d 883, 889, 234 Ill. Dec. 783 (Ill. 1998)). To determine "whether two complaints arose from the same transaction and operative facts, Illinois courts consider whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id*. *Res judicata* applies to all claims and issues actually decided, as well as all grounds of recovery and defenses which might have been presented in the prior litigation between the parties. *Nash v. Lawler*, 2007 U.S. Dist. LEXIS 82165, 10-11 (N.D. Ill. Oct. 29, 2007) (citing *Pirela v. North Aurora*, 935 F.2d 909, 911 (7th Cir. Ill. 1991)). Brown argues that his present cause of action does not arise from the same operative facts as the state court proceedings because the state court complaint alleged racial "harassment" as opposed to race "discrimination."

Despite Brown's arguments to the contrary, in the present case, all his claims stem from the same set of operative facts as his state court claims. In his state court complaint, under a theory of racial harassment, Brown alleged that one of his supervising captains discriminated against him by falsifying complaints against him. (Second Amended Compl. at ¶¶ 13, 15). Further, in the state court proceedings, Brown complained about the supervising captain's behavior and that the captain issued complaint registers against him. (Second Amended Compl. at ¶¶ 15, 16). Brown alleged that an officer who conducted the Internal Affairs Department's investigation of his complaints refused to accurately record his statements. (Second Amended Compl. at ¶ 17-18). Brown alleged further that he complained about the investigating officer and that his supervising captain submitted additional claims about him falsifying log records. (Second Amended Compl. at ¶¶19-20). In his federal complaint, Brown alleges essentially the same facts in support of his racial discrimination claim. (Compl. at ¶¶ 18-23, 26, 31-32). The fact that Brown's allegations are under a theory of racial discrimination as opposed to racial harassment in this instant matter is of little import. Brown's claims constitute a single cause of

3

action even though he alleges different theories because a single group of operative facts give rise to his assertions for relief.

    *2. Final Judgment*

The doctrine of *res judicata* will not preclude a party from asserting a similar claim in a subsequent proceeding unless, in the prior proceeding, the court reached a final judgment on the merits. The City argues that a final judgment was rendered as to Brown's harassment claim and that Brown's subsequent, voluntary dismissal of his retaliation claim renders that claim barred as well. Brown argues that a final judgment was not rendered by the state court concerning both his federal discrimination and retaliation claims. Brown argues that there was no final adjudication of his retaliation claim because it was dismissed without prejudice. Brown argues further that the state court only ruled on his "harassment" claims and not his federal "discrimination" claims currently before this Court.

Contrary to Brown's arguments, the state court did in fact render a final judgment when it ruled on the City's motion to dismiss Brown's state court complaint. The state court dismissed Brown's racial harassment claims, but denied the City's motion to dismiss Brown's retaliation claims. A final judgment and adjudication as to the merits of Brown's harassment claims were rendered. As discussed above, Brown's discrimination and harassment claims arise out of the same set of operative facts. Therefore, a final judgment was rendered concerning the operative facts underlying both Brown's discrimination and harassment claims.

Brown voluntarily dismissed the state court action and his remaining retaliation claim. The City argues that after Brown voluntarily dismissed his remaining retaliation claim, *res judicata* bars that claim as well. Brown argues that because his retaliation claim was dismissed without prejudice there was no adjudication on the merits of that claim and therefore, *res judicata* is inapplicable. As the Illinois Supreme Court has held, "a plaintiff who splits his claims by voluntarily dismissing and refiling part of an action after a final judgment has been entered on another part of the case subjects himself to a *res judicata* defense." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 473 (Ill. 2008). Although there was no adjudication on the merits of Brown's retaliation claim, *res judicata* not only bars claims actually determined in the first suit, but also claims that could have been determined in that suit. *Id*. Accordingly, because Brown's retaliation claims could have been determined in the initial state court action, Brown is barred from litigating his retaliation claim in this instant action. This Court finds that none of the

4

exceptions to the rule against claim-splitting are applicable here. The parties have not agreed that Brown may split his claims, the state court has not reserved Brown's right to maintain a second action, the state court was not restricted in its subject-matter jurisdiction over Brown's claims, the state court's judgment was not inconsistent with the equitable implementation of a statutory scheme, the case does not involve a continuing or recurrent wrong, and there is no clear and convincing evidence that preclusion should be overcome for extraordinary reasons. *Hudson*, 228 Ill. 2d at 472-473.

**Conclusion**

Accordingly, Counts I and II of Brown's complaint are dismissed with prejudice. As the court mentioned in its November 27, 2012 order, this Court has no jurisdiction over Count III of Brown's complaint seeking Administrative Review of the Chicago Police Board's decision. The Circuit Court of Cook County is the appropriate court in which to bring a claim for such review. Having dismissed all other federal counts of Brown's complaint, Brown's motion to reconsider this Court's dismissal of Count III under a theory of supplemental jurisdiction (Dkt. 32) is denied also. This Court dismisses Brown's motion seeking remand of his administrative review claim to state court (Dkt. 37). However, Brown is free to appeal the Police Board's decision in the appropriate court of proper jurisdiction.

IT IS SO ORDERED.
Date: May 7, 2013

Sharon Johnson Coleman
United States District Judge