# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ORLANDO BROWN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-2921 |
| | ) | |
| CITY OF CHICAGO ET AL. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Following an appellate reversal and remand of this Court's decision to dismiss Plaintiff Orlando Brown's complaint, Brown filed an amended complaint that added a defendant and reformulated the claims. Defendants the City of Chicago and Patrick Gunnell now move to dismiss the claims against them under Rule 12(b)(6). For the reasons stated below, the Court grants in part and denies in part the motion.

**Background**

Brown, a former Chicago police officer, has filed three lawsuits challenging the terms and conditions of his employment with the Chicago Police Department. The first was filed in state court against the City of Chicago and alleged racial harassment and retaliation. That suit was dismissed in two parts. The Circuit Court of Cook County dismissed one count as insufficiently pled, and Brown subsequently moved to voluntarily dismiss the remaining claim. Dkt. 27-4; Dkt. 27-5.

After the state court suit was filed but before any part of it was dismissed, Brown was terminated pursuant to a decision by the Police Board. Dkt. 1-1. He then filed a federal suit in this Court against the City, the Police Board, and the Board's individual members, alleging his termination was on account of his race (Count I) and in retaliation for his earlier complaints about discrimination (Count II). Dkt. 1. The federal suit also challenged the Police Board's decision to

terminate him as "erroneous and against the manifest weight of the evidence" and violative of Brown's due process rights (Count III). *Id.* Once the state court suit was dismissed, this Court dismissed Counts I and II of Brown's complaint as barred by res judicata, and Count III for lack of jurisdiction. Dkt. 25; Dkt. 41.

Brown appealed the dismissal of his federal suit. Dkt. 43. The Seventh Circuit affirmed this Court's determination that Counts I and II were barred by res judicata due to Brown's first suit in state court. Dkt. 52 at 6. It also found that Count III of Brown's complaint contained both a federal due process claim and a state law claim for administrative review. *Id.* at 6-7. It held that this Court could, but need not, exercise supplemental jurisdiction over the administrative review claim, and remanded the case for consideration of the federal due process claim contained in Count III that this Court had not addressed. *Id.* at 7.

While the appeal of Brown's federal suit was pending, Brown filed a third suit, again returning to state court. The second state court suit, like the federal suit, asked for administrative review of the Police Board's decision. Dkt. 67-3. It was dismissed for lack of jurisdiction. Dkt. 67-4.

Brown then filed an amended complaint in the instant case, his remanded federal court suit. Dkt. 62-1. The amended complaint added as a defendant Patrick Gunnell, Brown's supervisor who Brown alleges gave false testimony before the Police Board in order to retaliate and discriminate against Brown (Count I). *Id.* The second claim in Brown's amended complaint is for administrative review of the Police Board's decision (Count II). *Id.*

**Legal Standard**

A complaint will survive a motion to dismiss under Rule 12(b)(6) if its well-pleaded facts when accepted as true and viewed in the light most favorable to the plaintiff state a plausible claim for which relief can be granted. *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). Exhibits attached to a motion to dismiss are considered part of the pleadings if they are referred to in the

complaint and are central to the claims. *Wright v. Associated Ins. Companies Inc.,* 29 F.3d 1244, 1248 (7th Cir.1994). Facts alleged in a complaint are accepted as true except when contradicted by an exhibit considered part of the pleadings. *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013).

**Discussion**

*Claims Against Gunnell in his Individual Capacity*

Gunnell moves to dismiss Count I against him in his individual capacity because consideration of the claim would exceed the scope of the remand order and because the claim is time-barred, barred by collateral estoppel, and insufficiently pled.

A district court considering a case on remand may only address "(1) the issues remanded, (2) issues arising for the first time on remand, or (3) issues that were timely raised before the district and/or appellate courts but which remain undecided." *United States v. Morris,* 259 F.3d 894, 898 (7th Cir. 2001). The viability of Brown's claim against Gunnell in his individual capacity is an issue arising for the first time post-remand, and thus this Court may address it. This Court does not agree with Gunnell's characterization of the remand as limited to the discrete issue of whether Brown's due process claim is barred by res judicata. The Seventh Circuit reversed dismissal of the due process claim contained in Count III of the original complaint and remanded the case without further instruction as to how to address that claim. Although the appellate court remarked that the claim *might* be barred by res judicata, the opinion cannot reasonably be read as limiting review of the due process claim to that singular issue. Nothing in the appellate opinion circumscribes this Court's ordinary authority to grant a plaintiff leave to amend his complaint.

With respect to Gunnell's assertion of untimeliness, the Court finds that determination of that issue is better left to a later stage in the proceedings. "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.,*

782 F.3d 922, 928 (7th Cir. 2015) (internal quotations omitted). Consequently, "[a]s long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Id.*

Here, whether Brown's claims against Gunnell are timely turns on whether the amended complaint, filed more than two years after Brown was terminated, relates back to the timely-filed original pleading. If an amended pleading adds a new defendant, relation back is only permitted if (1) "the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant"; and (2) the new defendant's ability to defend himself has not been impaired by the delay. *Joseph v. Elan Motorsports Techs. Racing Corp.,* 638 F.3d 555, 559-60 (7th Cir. 2011). At this stage in the litigation, the Court cannot determine what Gunnell knew or should have known about Brown's suit nor the reason for Brown's delay in adding Gunnell. These unresolved questions of fact prevent dismissal of Brown's claims against Gunnell in his individual capacity on statute of limitations grounds.

Likewise, whether Brown's claim against Gunnell individually is barred by collateral estoppel cannot be determined at this time. Gunnell maintains that Brown is prohibited from arguing that Gunnell testified falsely because the Police Board has already entered a finding that Gunnell's testimony was credible. But the decision of an administrative agency only has a collateral estoppel effect if the agency acted in a "judicial capacity." *Reed v. AMAX Coal Co.*, 971 F.2d 1295, 1300 (7th Cir. 1992). "An agency acts in a judicial capacity when it provides the following safeguards: (1) representation by counsel, (2) pretrial discovery, (3) the opportunity to present memoranda of law, (4) examinations and cross-examinations at the hearing, (5) the opportunity to introduce exhibits, (6)

4

the chance to object to evidence at the hearing, and (7) final findings of fact and conclusions of law." *Id.* The Court requires a more complete factual record in order to ascertain whether Brown was afforded these procedural safeguards in his administrative hearing before the Police Board.

All that is left is Gunnell's argument that Brown has failed to state a due process claim. In his amended complaint Brown alleges that Gunnell brought false charges against Brown and gave false testimony before the Police Board regarding those charges because of Brown's race and in retaliation for Brown complaining about discrimination. "Issuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). Here the facts alleged create a reasonable inference that Gunnell issued false charges in order to retaliate against Brown for complaining about discrimination, an exercise of his First Amendment rights. Brown, as master of his own complaint, is free to pursue his retaliation claim under the due process clause rather than the First Amendment. *See Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009)("[T]he plaintiff as master of the complaint may present (or abjure) any claim he likes."). Count I against Gunnell in his individual capacity survives.

*Official Capacity Claims against Gunnell*

Gunnell argues that a claim against him in his official capacity is barred by the law of the case and res judicata. Alternatively, he asserts that Brown has failed to state a claim because a claim against him in his official capacity amounts to a suit against the City and his complaint contains no allegations from which *Monell* liability against the City can be inferred. Because the Court agrees that Count I against Gunnell in his official capacity is barred by the law of the case and res judicata, it need not reach the *Monell* issue.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Barr v. Bd. of*

*Trustees of W. Illinois Univ.*, 796 F.3d 837, 839 (7th Cir. 2015). A suit is deemed duplicative of an earlier suit under res judicata if 1) there was a final judgment on the merits in the earlier suit; 2) there is an identity of the parties in the two suits; and 3) there is an identity of the causes of action. *Id.*

Here, the Seventh Circuit has already determined that the dismissal of Brown's first state court suit constitutes a final judgment on the merits. This Court is bound by the law of the case to adhere to that ruling. *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000). Additionally, there is privity between the City, a defendant in the first state court suit, and Gunnell in his official capacity. *Kykta v. Ciaccio*, No. 15-2533, 2015 WL 9301235, at *3 (7th Cir. Dec. 22, 2015). With respect to the final element, "different claims are considered the same cause of action ... if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 558 (7th Cir. 2014) (internal quotations omitted). A "single group of operative facts" is a transaction or series of transactions that are "related in time, space, origin, or motivation" such that they form a "convenient trial unit." *Id.*

Brown's due process claim arises out of Gunnell's allegedly false complaints about Brown and his allegedly false testimony about those complaints before the Police Board. Brown's first state court suit also arose out of Gunnell's false complaints about Brown. Although Gunnell's false testimony before the Police Board was not raised in the first state court suit, it is related to the false complaints such that the two sets of transactions form a convenient trial unit. Brown's first state court suit was still alive in March 15, 2012 when the Police Board formally discharged Brown based on Gunnel's allegedly false complaints and testimony. Brown could have at that time amended his complaint to add allegations regarding the false testimony and his resulting discharge. Thus a claim against Gunnell in his official capacity that is predicated on the false testimony is a claim that could have been raised in the earlier action against the City and accordingly raising it now is barred by res judicata.

*Administrative Review Claim*

The City asserts that Count II of the amended complaint, which asks for administrative review of the Police Board decision, is barred by res judicata because an identical claim was dismissed by the Circuit Court of Cook County in Brown's second state court suit. However, Brown's second state court suit was dismissed for lack of jurisdiction, which does not constitute a final judgment on the merits. *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001). Res judicata therefore does not apply and Brown's Count II survives.

**Conclusion**

For the foregoing reasons, the City and Gunnell's motion to dismiss [66] is granted as to claims against Gunnell in his official capacity and denied in all other respects.


IT IS SO ORDERED.


_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: January 11, 2016

7