# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ORLANDO BROWN, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 12-cv-2921 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OPINION AND ORDER

Following a Seventh Circuit reversal and remand of this Court's decision to dismiss Plaintiff Orlando Brown's complaint, Brown filed a two-count second amended complaint against Patrick Gunnell in his individual capacity under 42 U.S.C. section 1983 (Count I) and the City of Chicago, Garry McCarthy, and members of the Chicago Board Review under the Administrative Review Act (Count II). Currently before the Court is Gunnell's motion for summary judgment on Count I of Brown's second amended complaint. For the reasons explained below, Gunnell's motion for summary judgment [192] is granted and the Court declines to exercise supplemental jurisdiction over Brown's state law claim. This case is dismissed.

**Background**

The facts are undisputed unless otherwise noted. Brown, a former Chicago Police Department Officer, was charged with several rule violations including disobeying direct orders and falsely reporting his actions and locations in his police logs. Gunnell, who was Brown's supervisor at the time in question, filed an Initiation Report and sent the allegations to the Chicago Police Department's Internal Affairs Division for further investigation. Officer Linda Salustro, an officer in the Internal Affairs Division, investigated the charges and interviewed Brown concerning the alleged

1

misconduct. Based on her investigation, Salustro sustained Gunnell's allegations and raised additional claims of misconduct. Salustro then submitted her findings to the Superintendent and recommended Brown be terminated. The Superintendent then brought the charges before the Police Board for a hearing and determination of whether Brown would be terminated.

Brown originally filed suit in state court against the Chicago Police Department alleging racial harassment and retaliation in relation to the investigation and charges brought against him. The Circuit Court of Cook County dismissed one count of the complaint and Brown voluntarily dismissed the remaining claim. Dkt. 27-4; Dkt. 27-5. Following a three-day administrative hearing, but prior to his suit being dismissed in state court, the Police Board issued a written decision terminating Brown. Dkt. 1-1.

Brown then filed suit in federal court against the City of Chicago, the Police Board, and the Board's individual members, alleging that he was terminated based on race (Count I) and in retaliation (Count II). Brown's complaint also challenged the Police Board's decision as a violation of his due process rights and sought administrative review of the Police Board's decision (Count III). This Court dismissed Counts I and II as barred by res judicata and dismissed Count III for lack of jurisdiction. Dkt. 25; Dkt. 41. After Brown appealed this Court's decision, the Seventh Circuit upheld the dismissal of Counts I and II, but reversed the dismissal of Count III, finding that Brown raised both a state law claim for administrative review and a federal due process claim. *Brown v. City of Chicago*, 771 F.3d 413, 416 (7th Cir. 2014).

Following the remand, Brown amended his complaint, adding defendant Gunnell. In Count I, Brown asserts a constitutional due process violation under section 1983 against Gunnell for allegedly giving false testimony before the Police Board in order to retaliate and discriminate against Brown. In Count II, Brown seeks administrative review, under Illinois law, of the Police Board's decision to terminate him.

2

**Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *see also* Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact, and if done, judgment as a matter of law should be granted in its favor. *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). "To determine whether genuine issues of material fact exist, we ask if 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013) (citing *Anderson*, 477 U.S. at 251-52). All evidence and inferences must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**Discussion**

Gunnell argues that Count I should be dismissed based on (1) collateral estoppel and res judicata, (2) Brown's failure to satisfy the statute of limitations, and (3) the lack of evidence demonstrating any due process rights violation.

1. Collateral Estoppel and Res Judicata

Brown asserts that his due process rights were violated when Gunnell brought "knowingly false charges" against him based on retaliatory and racially discriminatory intent and testified falsely at the Police Board hearing. Dkt. 95. Gunnell asserts that Brown's section 1983 claim is precluded by both res judicata and collateral estoppell. Collateral estoppel precludes a plaintiff from relitigating a constitutional law violation if the claim was resolved in a state administrative hearing. *Reed v. AMAX Coal Co.*, 971 F.2d 1295, 1300 (7th Cir. 1992) (citing *Buckhalter v. Pepsi-Cola Gen. Bottlers, Inc.*,

820 F.2d 892, 897 (7th Cir. 1987)). The doctrine of res judicata, on the other hand, prevents relitigating a section 1983 claim based on issues that *could have, but were not*, raised in earlier court proceedings. *Lee v. City of Peoria*, 685 F.2d 196, 198 (7th Cir. 1982); *Matrix IV, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011).

Courts may give estoppel effect to administrative agency decisions where the agency: "(1) act[ed] in a judicial capacity; (2) resolv[ed] disputed issues of fact properly before it; [and] (3) if the parties had an opportunity to litigate the issues." *Reed*, 971 F.2d at 1300 (citing *University of Tennessee v. Elliot*, 478 U.S. 788, 799, 106 S.Ct. 3220, 3226-27, 92 L.Ed.2d 635 (1986)).

An agency acts in a judicial capacity when it allows: "(1) presentation by counsel, (2) pretrial discovery, (3) the opportunity to present memoranda of law, (4) examinations and cross-examinations at the hearing, (5) the opportunity to introduce exhibits, (6) the chance to object to evidence at the hearing, and (7) findings of fact and conclusions of law." *Reed*, 971 F.2d at 1300 (citing *Buckhalter*, 820 F.2d at 896). If a court finds that the agency acted in a judicial capacity, it may grant summary judgment on the plaintiff's subsequent constitutional claim. *See Reed*, 971 F.2d at 1300.

In this case, Gunnell contends that the Police Board acted in a judicial capacity. The record demonstrates that Brown: was represented by an attorney, engaged in discovery, submitted memoranda to combat the charges filed against him, examined and cross-examined witnesses at the Police Board hearing, and had an opportunity to object to evidence and introduce exhibits. Dkt. 194 at 6-8 The record also establishes that the Police Board's decision to terminate him was based on a written decision with findings of fact and conclusions of law. *Id.*

Brown argues, however, that the Police Board did not act in a judicial capacity. Specifically, Brown asserts that he should have been notified that Linda Salustro raised an additional twenty-one charges of rule violations. This argument fails. Salustro was not hidden from Brown, as reflected in

his state court complaint asserting that Salustro engaged in "unprofessional and biased behaviors" related to her investigation. Dkt. 194-3 at 85. As the investigator in the Internal Affairs Division, Salustro could have been cross-examined on any of the charges related to her investigation, not simply the charges she initiated. Salustro was responsible for investigating all the claims against Brown before submitting them to the Superintendent.

Brown does not explain how he was prevented from questioning Salustro on any of the additional charges that was summarized in Salustro's complaint register that she submitted to her superiors. *See* Dkt. 203-4 at 44-60. The record demonstrates, and Brown does not dispute, that he received Salustro's complaint register summary, which included the additional allegations of misconduct. The Court notes, furthermore, that Brown was found "not guilty" of the rule violations brought by Salustro, thus demonstrating that his termination was not affected by those charges. *See* Dkt. 203-2 at 11-35. Accordingly, the Court finds that the Police Board acted in a judicial capacity when it found Brown guilty of several rule violations and decided to terminate him on that basis.

As such, because the Police Board acted in a judicial capacity, resolved the disputed issues of fact against it, and allowed Brown to litigate the issues, the Court will give estoppel effect to the Police Board's decision to terminate Brown based on the charges initiated by Gunnell. Although he chose to pursue the claim in federal court, Brown was able to bring his administrative appeal, including this section 1983 claim, in state court following the police board's decision. *See Durgins v. City of East St. Louis, Illinois*, 272 F.3d 841 (7th Cir. 2001) ("Because Illinois (a) permits the joinder of § 1983 claims with administrative-review actions, and (b) applies the doctrine of merger and bar, we have held that an administrative-review action forecloses any later § 1983 action in federal court arising out of the same transactions") (collecting cases). Brown's failure to seek judicial review of the Police Board's decision in state court does not allow him to relitigate these claims in federal court. *See Reed*, 971 F.2d at 1300.

5

Further, because Brown could have raised the issue of racial animus before the Police Board (and subsequently on administrative review in state court), Count I is barred by res judicata. *See Lee*, 685 F.2d at 198; *Matrix IV, Inc.*, 649 F.3d at 547. With no material issues in dispute, the Court grants Gunnell's motion for summary judgment. The Court, therefore, need not address Gunell's arguments based on statute of limitations and Brown's lack of evidence demonstrating a due process violation.

Finally, the Court exercises its discretion to decline supplemental jurisdiction over Brown's state law claim. *See International Coll. of Surgeons*, 522 U.S. 156, 172, 118 S.Ct. 523, 533, 139 L.Ed. 2d 525. Count II is remanded to state court for administrative review under Illinois law.

**Conclusion**

For the foregoing reasons, Gunnell's motion for summary judgment [192] is granted. This case is dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 2/22/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge